592 P.2d 1268

**In the Matter of a Member of the State Bar of Arizona, Albert R. GAMBLE, Respondent.**

**No. SB–161.**

Supreme Court of Arizona, En Banc.

April 2, 1979.

Peter Voevodsky, Tucson, State Bar Counsel.

Albert R. Gamble, in pro. per.

HAYS, Justice.

This matter comes to us by reason of findings and recommendation of a local administrative committee which were approved by the State Bar of Arizona Disciplinary Board. It was recommended that the respondent, Albert R. Gamble, be suspended from the practice of law for a period of three (3) months.

The respondent filed Opposition to the Findings and Recommendations alleging:

1. The findings were not supported by the evidence;

2. The respondent was not accorded due process safeguards in the conduct of the Local Administrative Committee's proceedings;

3. The recommendations are excessive.

In his memorandum of points and authorities the respondent has made reference to various pages in the transcripts in support of his position. No legal authorities are cited in support of any of the allegations, including the due process issue.

A reference to the findings of the committee gives a factual overview:

*Count I*

1. On or about the 8th day of April, 1975, Respondent entered into a trust

agreement with Melba M. Nelson and Melbourne E. Nelson, now deceased (and John R. Merritt, wherein Respondent and John R. Merritt were appointed co-trustees), and received from the Nelsons the sum of approximately $29,325.63 in cash.

2. The Committee finds and concludes that Mrs. Nelson was not sophisticated with respect to investments and other financial matters and placed her entire trust and confidence in the Respondent.

3. That Respondent thereupon proceeded to invest funds of the trust in, among other things, two second mortgages which were acquired from his stepdaughter, Janis Horn, without disclosing his personal interest in the transactions to his clients, the Nelsons. That, in so doing, he did give rise to the appearance of impropriety contrary to EC 5–6, and did violate DR 5–101(A), by not disclosing his personal interest, to wit: The acquisition of trust assets from his step-daughter, Janis Horn.

4. And finally as to Count I, the Committee finds that beginning with the investigation of the staff examiner and through the course of the hearings and cross-examinations, the Respondent and his step-daughter, Janis Horn, were evasive, misleading and calculated to confuse the Committee.

### Count II

1. The Committee finds and concludes that the acquisition of the second mortgages from the Respondent's step-daughter, Janis Horn, is in violation of DR 5–103, DR 5–104 and DR 5–101.

### Count III

The Committee finds and concludes that ther [sic] is insufficient evidence to support the violation of DR 1–102(a)(4) as alleged (caused a will to be improperly witnessed) and therefore dismisses this count only.

Bearing in mind that our rule in disciplinary proceedings, as set forth in *In*

*re Moore*, 110 Ariz. 312, 518 P.2d 562 (1974), is that of a trier of fact, we have carefully examined the transcripts of the proceedings before the local administrative committee. The numerous transcripts cover a time span from May 20, 1977 to November 20, 1977. We find that the evidence therein supports the findings of the committee, and we therefore concur in those findings.

The respondent candidly admitted the transactions with his stepdaughter and his failure to disclose the relationship to the beneficiaries of the trust. He presents basically no defensive evidence. The committee was unable to elicit definitive answers from either the respondent or his step-daughter as to where the money came from that was allegedly paid by the stepdaughter for the interests in the parcels of land. Their answers were contradictory, changed under cross-examination, and were never clear. Nor were his written records available. We conclude that Albert R. Gamble did violate the Code of Professional Responsibility as indicated in the committee findings. Although the committee's proceedings were extremely informal, we find no due process deficiencies.

It is ordered that the respondent, Albert R. Gamble, be and he is hereby suspended from the practice of law for three months commencing May 1, 1979.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.